IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRYAN CRABB,** | : | CIVIL NO. 1:CV-14-0471 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **JAMES ECKARD[1], et al.,** | : | |
| Respondents | : | |

## MEMORANDUM

Bryan A. Crabb ("Petitioner"), currently confined at the State Correctional Institution at Huntingdon, Pennsylvania, initiated this habeas corpus action pursuant to 28 U.S.C. § 2254 on March 13, 2014. He challenges his 2002 conviction by the Dauphin County Court of Common Pleas. (Doc. No. 1, Pet.) Upon preliminary review of the petition pursuant to 28 U.S.C. § 2254, see R. Governing § 2254 Cases R. 4, it appeared that the petition may be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005)(en banc)(holding that district courts may sua sponte raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On May 28, 2014, the parties were notified that the petition appeared to be untimely, and Respondents were directed to file a response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations. Petitioner was afforded the opportunity to file a reply. (Doc. No. 5). On June 17, 2014, Respondents filed an answer to the petition addressing the timeliness of the petition and supporting exhibits. (Doc. No. 12.) The relevant

---

[1] James Eckard will be substituted for Tadd Bickell as a Respondent in this action in that Eckard is now the Acting Superintendent at SCI-Huntingdon.

time period has expired, and Petitioner has not filed a reply to Respondents' filing. After considering the record, the habeas petition will be dismissed as untimely for the reasons set forth below.

**I.      Background**

On February 7, 2002, Petitioner entered a plea of guilty to Statutory Sexual Assault, Indecent Assault without Consent of the Other, Corruption of Minors, and Indecent Assault of a Person less than 16 years of age in the Dauphin County Court of Common Pleas, Docket Number CP-22-CR-3292-2001.  (Doc. No. 12-2, Ex. 1.)  He was sentenced on the same date to an aggregate sentence of 3-to-6 years in a state correctional institution plus 5 years of county probation.[2]

Petitioner did not file a direct appeal in this matter.  He did file a Post-Conviction Relief Act ("PCRA") petition on February 14, 2003, and was appointed counsel.  Thereafter, on July 21, 2003, after an independent review, the Dauphin County Court dismissed the PCRA petition without a hearing.   Petitioner filed a notice of appeal to the Pennsylvania Superior Court on September 10, 2003.  On July 15, 2004, the Superior Court dismissed the appeal.  (Id., Ex. 2.)  No further appeal was pursued to the Pennsylvania Supreme Court.  On March 13, 2014, the instant federal habeas corpus petition was filed.  The grounds are as follows: (1) ineffective assistance of counsel due to public defender's failure to advise Petitioner of all plea offers; (2) unfair plea bargaining tactics of District Attorney; (3) lack of jurisdiction by Commonwealth to make decision on Megan's Law Registration because his offenses did not require such

---

[2] On February 16, 2010, the Dauphin County Court of Common Pleas revoked Petitioner's probation and sentenced him to a 2-to-5 year sentence in a state correctional institution.

registration; and (4) illegal sentence in that all of charged offenses stemmed from one incident/crime.

## II.     Discussion

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub.L. No. 104-132, 110 Stat. 12214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced on February 7, 2002. He did not pursue a direct appeal with the

Pennsylvania Superior Court. As such, his conviction became final on March 21, 2002, the expiration of the thirty (30) days he had to do so. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)("a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review."). The one-year federal limitations period began to run at this time, and was set to expire on March 21, 2003. However, the Court's analysis does not end here. Consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). While it is true that a properly filed PCRA petition tolls the running of AEDPA's statute of limitations, the PCRA petition must be filed before the limitations period runs out, otherwise there is nothing left to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001)("'properly filed' state-court [post-conviction] petitions must be 'pending' in order to toll the limitations period. A petition that is timely under state law is "properly filed." Pace v. DiGuglielmo, 544 U.S. 408 (2005). Pursuant to Pennsylvania law, a petition for post-conviction relief is timely if "filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1).

The federal limitations period in the instant case began to run on March 21, 2002, and was set to expire on March 21, 2003. However, just shy of eleven (11) months into this period, on February 14, 2003, Petitioner filed a timely PCRA petition with the Court of Common Pleas of Dauphin County. As such, the statute of limitations became tolled at this point. The Dauphin County Court dismissed the PCRA petition without a hearing on July 21, 2003. A notice of

appeal was thereafter filed with the Pennsylvania Superior Court. The Superior Court affirmed the denial of post-conviction relief on July 15, 2004. Petitioner did not pursue a petition for allowance of appeal with the Pennsylvania Supreme Court. Thus, the statute of limitations for filing a federal habeas petition with respect to Petitioner's 2002 conviction and sentence began to run at the expiration of the time for seeking allowance of appeal in the Pennsylvania Supreme Court, August 14, 2004. See Swartz, 204 F.3d at 419.

On August 14, 2004, when the statutory limitations period began to run again for filing a federal habeas petition, Petitioner had 35 days left from the tolling period between the date of final judgment and the filing of his timely PCRA petition. As such, any timely federal habeas petition would have to be filed no later than September 18, 2004. The instant habeas petition was filed on March 13, 2014, and it is clearly untimely.[3]

### B.     Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir.

---

[3] Petitioner appears to believe that when his probation was revoked and his new sentence imposed on February 16, 2010, that this reset the clock with respect to raising challenges to his 2002 conviction and sentence in a federal habeas petition. This is not the case, and the AEDPA's one-year statute of limitations with respect to claims relating to his conviction does not begin anew at the time probation is revoked and a new sentence imposed. To hold otherwise would violate 28 U.S.C. § 2244(d)(1). This is not to say that Petitioner is unable to pursue challenges to the validity of the revocation proceedings and the legality of the new sentence. See Commonwealth of Pennsylvania v. Anderson, 788 A.2d 1019, 2001 Pa. Super. 371 (Dec. 24, 2001)("where a new sentence is imposed at a probation revocation hearing, the revocation hearing date must be employed when assessing finality under [42 Pa. Conn. Stat. Ann.] § 9545(b)(3) ... but only as to the issues of the validity of the revocation proceedings and the legality of the new sentence"). Such is not the case here where Petitioner attempts to raise challenges to his underlying conviction that are time-barred, and not challenges to the revocation proceedings and new sentence imposed.

2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied.  See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).  Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, Petitioner must demonstrate that he exercised reasonable diligence in investigating and bringing the claims.  See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002).  Mere excusable neglect is not sufficient.  See LaCava, 398 F.3d at 276.  Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll."  Warren v. Garvin, 219 F.3d 111, 113 (3d Cir. 2000)(quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Petitioner sets forth no arguments in support of a finding that equitable tolling of the AEDPA statute of limitations is warranted in this case.  For these reasons, the Court finds no basis for equitable tolling, and the instant petition will be dismissed as untimely.

## III.     Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was right in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

      An appropriate order follows.